**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LG CAPITAL FUNDING, LLC

                                        Plaintiff,

              v.

WINDSTREAM TECHNOLOGIES, INC.

                                        Defendant.

**Civil Action No.:**

**VERIFIED COMPLAINT**

Plaintiff, LG Capital Funding, LLC ("Plaintiff" or "LG"), by and through its attorneys, Garson, Ségal Steinmetz, Fladgate LLP, brings its Verified Complaint against Defendant, WindStream Technologies, Inc. ("Defendant" or "WSTI") and respectfully alleges as follows:

### THE PARTIES

1.    Plaintiff LG Capital Funding, LLC ("LG") is a limited liability company duly organized under the laws of the State of New York having a principal place of business located at 1218 Union Street, Suite #2, Brooklyn, New York 11225. All Members of LG Capital Funding, LLC are citizens of New York.

2.    Upon information and belief, Defendant WindStream Technologies, Inc. is a corporation organized and existing under the laws of the State of Wyoming, having a principal place of business located at 819 Buckeye Street, North Vernon, Indiana 47265. WindStream Technologies, Inc. is traded publicly on the Over-the-Counter Market under the symbol "WSTI."

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) in that the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      Venue is proper in this district pursuant to 27 U.S.C. §1391(a), in that it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property which is subject of this action is situated.

5.      Further, the agreement from which this dispute arises designates that it is governed and construed in accordance with the laws of the State of New York and that any action brought by either party against the other must be brought in New York.

## STATEMENT OF FACTS

6.      On or about March 5, 2015, WSTI issued a $105,000.00 8% Convertible Redeemable Note to LG ("Note 1") with a maturity date of March 5, 2016. A true and correct copy of Note 1 is attached hereto as **Exhibit A.**

7.      On or about August 11, 2015, WSTI issued a $105,000.00 8% Convertible Redeemable Note ("Note 2") with a maturity date of August 11, 2016. A true and correct copy of Note 2 is attached hereto as **Exhibit B**.

8.      The substance of each Note is largely the same. Each has a designated regular interest rate, default interest rate, conversion right and conversion share reserve. Accordingly, Note 1 and Note 2 may collectively be referred to as the "Notes."

9. Each Note provides that "[T]he Company promises to pay to the order order of LG CAPITAL FUNDING, LLC and its authorized successors and permitted assigns ("Holder"), the aggregate principal face amount of One Hundred Five Thousand Dollars exactly (U.S. $105,000.00) on [the "Maturity Date"] and to pay interest on the principal amount outstanding hereunder at the rate of 8% per annum." (Exs. A and B).

10. Further, each Note provides that "[U]pon an Event of Default, interest shall accrue at a default interest rate of 24% per annum." (Exs. A and B, §8). Section 8 of each Note describes what constitutes an Event of Default.

11. In addition to LG's return on investment vis-à-vis the Notes' regular and default interest rates, Section 4(a) of each Note provides LG with the right to convert all or part of the outstanding and unpaid principal into shares of WSTI common stock (the "Common Stock"). (Exs. A and B, § 4(a)).

12. The Notes also provide that the Conversion Price was to be determined for each share to be equal to:

> 60% of the **lowest trading price** of the Common Stock as reported on the National Quotations Bureau OTCQB exchange which the Company's shares are traded or any exchange upon which the Common Stock may be traded in the future ("Exchange"), for the ***fifteen*** prior trading days including the day upon which a Notice of Conversion is received by the Company or its transfer agent . . . (Exs. A and B, § 4(a)).

13. To effectuate a conversion, LG was required to submit a Notice of Conversion ("Notice of Conversion"). Section 4(a) of the Note provides, in pertinent part:

> ...provided such Notice of Conversion is delivered by fax or other electronic method of communication to the Company or its transfer agent after 4 P.M. Eastern Standard or Daylight Savings Time of the Holder wishes to include the same day closing price. (Exhibit A, § 4(a)).

14.     LG opted to take advantage of its right to convert by converting a portion of the principal balance and interest of Note 1 on the dates and in the amounts set forth in the table below:

| CONVERSION DATE | PRINCIPAL CONVERTED | INTEREST CONVERTED | CONVERSION AMOUNT (PRINCIPAL + INTEREST) |
|---|---|---|---|
| 10/20/2015 | $5,000.00 | $245.48 | $5,245.48 |
| 10/28/2015 | $2,500.00 | $127.12 | $2,627.12 |
| 12/22/2015 | $5,000.00 | $314.52 | $5,314.52 |
| TOTALS | $12,500.00 | $687.12 | $13,187.12 |

True and correct copies of the Notices of Conversion are attached hereto as **Exhibit C.**

15.     After the conversions outlined above were duly made and honored, there remained a principal balance on Note 1 of $92,500.00.[1] No conversions were executed under Note 2, so the principal balance remained at $105,000.00.

16.     Each Note provides that it shall be an Event of Default if "[t]he Company shall default in the payment of principal or interest on this Note or any other note issued to the Holder by the Company. (Exs. A and B, § 8(a))."

17.     On March 5, 2016, the principal balance, accrued regular interest on the Note 1 became due and payable. WSTI, to date of filing, has failed to make any payments under Note 1.

---

[1] $105,000.00 - $12,500.00 = $92,500.00

18. Further, by virtue of the cross-default provision contained in Section 8(a) of each Note, WSTI's failure to pay the principal balance and accrued interest of Note 1 on its Maturity Date placed WSTI in default of the Note 2.

19. Section 10 of each Note also provides that "[n]either this Note nor any term hereof may be amended, waived, discharged or terminated other than by a written instrument signed by the Company and the Holder." (Exs. A and B, § 10).

20. Additionally, the Notes state that "[n]o provision of this Note shall alter or impair the obligation of the Company, which is absolute and unconditional, to pay the principal of, and interest on, this Note at the time, place, and rate, and in the form, herein prescribed." (Exs. A and B, § 5).

21. In addition to WSTI's default resulting from its failure to pay back the Notes upon maturity, the Company has gone delinquent in its filings with the Securities and Exchange Commission.

22. Section 8(m) of each Note states that it shall be an Event of Default if "The Company shall not be 'current' in its filings with the Securities and Exchange Commission." (Exs. A and B,§ 8(m)).

23. On March 30, 2016, WSTI filed a Form NT-10-K (Form 12b-25), with the SEC, notifying the public that it would be filing its Annual Report for the year 2015 late, but not later than the 15th day of April. To date, WSTI has not filed its Annual Report.[2]

24. Further, WSTI also did not file its Quarterly Report for the period ending March 31, 2016, and is thus delinquent in its filing obligations.

---

[2] https://www.sec.gov/Archives/edgar/data/1439133/000149315216008383/nt10-k.htm

25.    Accordingly, WSTI's failure to file the above described Quarterly and Annual Reports places the Company in default of section 8(m) of the Notes.

26.    On August 2, 2016, LG, acting through counsel, sent WSTI a letter outlining WSTI's breach and demanding that WSTI immediately remit payment to LG. A true and correct copy of the Letter is attached hereto as **Exhibit D**.

27.    As of the date of filing, $233,446.71 is indisputably due and owing to LG in relation to the Notes, consisting of $209,727.40 in principal, $12,227.40 in regular interest accrued to the date of default, and $23,719.31 in default interest accrued from the date of default to date of filing. See the chart below for calculations.

| LG Capital: WSTI Notes | Note 1 | Note 2 | | |
|---|---|---|---|---|
| Face Value | $105,000.00 | $105,000.00 | | |
| Converted Principal | $12,500.00 | $0.00 | | |
| Balance | $92,500.00 | $105,000.00 | | |
| Commencement Date | 3/5/15 | 8/11/15 | | |
| Default Date | 3/6/16 | 3/6/16 | | |
| Days of Regular Interest | 367 | 208 | | |
| Days of Default Interest | 172 | 172 | | |
| Regular Rate | 0.08 | 0.08 | | |
| Default Rate | 0.24 | 0.24 | | |
| | | | | |
| | | | | |
| **Regular Interest Accrued** = [(Balance x Regular Interest Rate) x (Days of Regular Interest/365)] | $7,440.55 | $4,786.85 | **Total Regular Interest** | $12,227.40 |
| **Balance on Default Date** = Balance + Regular Interest Accrued | $99,940.55 | $109,786.85 | **Total Balance on Default Date** | $209,727.40 |
| | | | | |

6

| Default Interest Accrued = [(Balance on Default Date x Default Interest Rate) x (Days of Default Interest/365)] | $11,302.87 | $12,416.44 | Total Default Interest Accrued | $23,719.31 |
|---|---|---|---|---|
| Total Due and Owing on 08/25/16 = Balance on Default Date + Default Interest Accrued | $111,243.41 | $122,203.29 | Total Due and Owing as of 08/25/16 | $233,446.71 |

28.     In addition to the principal and interest, the Notes provide that "[T]he Company agrees to pay all costs and expenses, including reasonable attorneys' fees and expenses, which may be incurred by the Holder in collecting any amount due under this Note." ((Exs. A and B, § 7)

29.     WSTI has patently failed to make any payments due and owing under the Notes.

## First Claim for Relief
(BREACH OF CONTRACT)

30.     LG realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 29 of this Verified Complaint as if fully set forth herein.

31.     A valid contract exists between the LG and WSTI.

32.     LG performed all of its obligations under the contract.

33.     WSTI breached the contract by failing to pay the monies due and owing to LG.

34.     LG has been damaged by WSTI's failure to perform.

35.     LG, therefore, is entitled to an award of damages in an amount to be determined at trial, but not less than two hundred thirty three thousand and four hundred and forty six dollars and seventy-one cents ($233,446.71).

## Second Claim for Relief
(Unjust Enrichment)

36.     LG realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35 of this Verified Complaint as if fully set forth herein.

37.     WSTI has failed to make restitution for the monies loaned to it by LG pursuant to the terms of each Note.

38.     WSTI accepted the money under such circumstances that it created a legal or equitable obligation to account for the money, but it has not paid LG.

39.     LG, therefore, is entitled to an award of damages in an amount to be determined at trial, but not less than two hundred thirty three thousand and four hundred and forty six dollars and seventy-one cents ($233,446.71).

## Third Claim for Relief
(Costs, Expenses & Attorneys' Fees)

40.     LG realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 39 of this Verified Complaint as if fully set forth herein.

41. In accordance with the terms of the Notes, WSTI agreed to pay all costs and expenses, including reasonable attorneys' fees and expenses, incurred by LG in collecting any amount under the Note.

42. Therefore, LG is entitled to an award against WSTI for costs and expenses incurred in the prosecution of this lawsuit, including reasonable legal fees.

## Prayer For Relief

**WHEREFORE**, Plaintiff LG CAPITAL FUNDING, LLC seeks judgment against Defendant WindStream Technologies, Inc. as follows:

i.  On the First and Second Claims for Relief, for damages in an amount to be determined at trial, but not less than two hundred thirty three thousand and four hundred and forty six dollars and seventy-one cents ($233,446.71); and,

ii. On the Third Claim for Relief for an award of LG's costs and expenses in prosecuting this action, including reasonable legal fees; and,

iii. On all Claims for Relief, for interest, attorneys' fees and the costs and disbursements of this action; and

iv. For such other further relief as the Court may deem just, proper, and in the interest of justice.

Dated:      New York, New York
            August 25, 2016

                           Respectfully Submitted,
                           **Garson, Segal,**
                           **Steinmetz, Fladgate LLP**
                           *Attorneys For Plaintiff*


                           By: _____/s/_____
                                 Kevin Kehrli (KK7568)
                                 Michael Steinmetz(MS3164)
                                 164 West 25th Street
                                 Suite 11R
                                 New York, NY 10001
                                 **Telephone:** (212) 380-3623
                                 **Facsimile:** (347) 537-4540
                                 **Email:** KK@GS2Law.com

## VERIFICATION

STATE OF NEW YORK      )
                                  ) S.S.:

COUNTY OF KINGS       )

JOSEPH LERMAN, who because of his religious beliefs does not swear an oath, affirms the following to be true under penalty of perjury:

I am a Member of Plaintiff, LG Capital Funding, LLC, and am familiar with the events referenced in the Verified Complaint.

I have reviewed the Verified Complaint and based on my review of our files and my personal involvement in the dealings of LG Capital Funding, LLC, the factual matters contained herein are true to the best of my knowledge.

_____

JOSEPH LERMAN

Affirmed to before
me this 25th day of August, 2016.

_____

Notary Public

AHRON MORDECHAI FRAIMAN
NOTARY
NO. 01FR6344586
QUALIFIED IN
NASSAU COUNTY
COMM. EXP.
07/05/2020
PUBLIC
STATE OF NEW YORK